NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE VELEZ,

                    Plaintiff-Appellant,

  v.

IL FORNAIO (AMERICA)
CORPORATION; TARTINE, INC.,

                    Defendants-Appellees.

No.    19-55344

D.C. No. 3:18-cv-01840-CAB-
MDD

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

    Jose Velez appeals pro se from the district court's order dismissing his

action alleging violations of the Americans with Disabilities Act ("ADA") and

state law.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

district court's dismissal for lack of standing.  *D'Lil v. Best W. Encina Lodge &*

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008).  We vacate and remand.

Velez sufficiently alleges Article III standing in his ADA claim against defendant Il Fornaio (America) Corporation because he pleads that he was deterred from visiting defendant's restaurant because of its alleged ADA violations.  *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017) ("[Plaintiffs] have alleged . . . that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA.  They further allege that they will visit the hotels when the non-compliance is cured. . . .  [C]onstruing the factual allegations in the complaint in favor of the plaintiffs, as we must at this preliminary stage, we conclude that [plaintiffs] have sufficiently alleged injury in fact. . . .  We also conclude that motivation is irrelevant to the question of standing under Title III of the ADA.").

Velez also sufficiently alleges statutory standing under the ADA against defendant because he pleads that his morbid obesity substantially limits his ability to walk and stand.  *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) ("'An impairment is a disability . . . if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.'" (quoting 29 C.F.R. § 1630.2(j)(1)(ii))); *see also* 42 U.S.C. § 12102(2)(A) (listing walking and standing as major life activities per the ADA); *Bragdon v. Abbott*, 524 U.S. 624, 641 (1998) ("When significant limitations result

from the impairment, the definition is met even if the difficulties are not insurmountable.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Velez's motion to consolidate this case with *Taylor v. Burlington*, Appeal No. 16-35205, is denied.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**